NOTICE

Decision filed 06/30/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250629-U

NO. 5-25-0629

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 24-CF-824 |
| | ) | |
| TRIMARION D. HOWELL, | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HACKETT delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the trial court did not substantially comply with Illinois Supreme Court Rule 605(b) (eff. Apr. 15, 2024) when admonishing the defendant during sentencing, we remand for proper admonishments and the opportunity for the defendant to file new postplea motions.

¶ 2    The defendant, Trimarion D. Howell, pled guilty to first degree murder (720 ILCS 5/9-1(a)(1) (West 2022)) and was thereafter sentenced to 45 years in prison. The defendant then sought to withdraw his guilty plea, which the circuit court of Macon County denied. On appeal, the defendant contends that the trial court failed to properly admonish him in accordance with Illinois Supreme Court Rule 605(b) (eff. Apr. 15, 2024), or alternatively, his postplea counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024). For the reasons that follow,

1

we remand the cause for proper Rule 605(b) admonishments and the opportunity for the defendant to file new postplea motions.

¶ 3                                    I. BACKGROUND

¶ 4     On May 8, 2024, the State charged the defendant by information with four counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) (West 2022)), one count of aggravated battery with a firearm (*id.* § 12-3.05(e)(1)), one count of aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)), one count of aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(1), (a)(3)(A-5), (a)(3)(C)), and one count of attempted armed robbery (*id.* §§ 8-4(a), 18-2(a)(3)). In addition, in case No. 24-CF-814, the State charged the defendant with attempted first degree murder, armed robbery, aggravated robbery, attempted armed robbery, and attempted aggravated robbery. The charges in the present case and case No. 24-CF-814 stemmed from separate incidents occurring approximately two weeks apart.

¶ 5     On May 8, 2025, the defendant pled guilty to an amended count of first degree murder, which removed any language that would require the trial court to impose a mandatory 25-year firearm enhancement. In exchange for the plea, the State agreed to dismiss the remaining charges. There was no agreement between the State and the defense as to sentencing. At the hearing, defense counsel indicated that the plea was an open plea with no firearm enhancement, but the trial court responded that the plea was a partial plea since the State had agreed to limit the penalties. However, the trial court then later indicated that the plea was open as to sentencing. After questioning the defendant and hearing the factual basis for the plea, the trial court found that the guilty plea was knowingly, voluntarily, and intelligently made.

¶ 6     On May 16, 2025, the defendant filed a *pro se* motion to withdraw his guilty plea, indicating that his counsel convinced him to plead guilty, but he wanted to go to trial. The

2

defendant also indicated that when he pled guilty, he was under the impression that he would not be subject to a sentencing range of 20 to 60 years in prison and would only be sentenced to 20 years in prison.

¶ 7     On June 18, 2025, the trial court held the sentencing hearing. At the hearing, the trial court questioned whether the guilty plea was an open or partial plea, and the State responded that it was an open plea. Also at the hearing, the trial court addressed the defendant's *pro se* motion to withdraw his guilty plea. Addressing the defendant, the trial court explained that the defendant had an "absolute right" to withdraw his guilty plea but that he could not seek to withdraw the plea until after sentencing, which was when final judgment was entered. The trial court explained that the sentence would be imposed at this hearing and then the defendant would have 30 days to refile his motion. Thus, the trial court struck the defendant's *pro se* motion as premature. The trial court then proceeded with the sentencing hearing. Defense counsel advised that although the defendant had not cooperated in the preparation of the presentence investigation report (PSI), the defendant was not interested in continuing the sentencing hearing for another opportunity to cooperate in the PSI's preparation or to gather witnesses to testify on his behalf. Thus, defense counsel explained that if the defendant did not wish to cooperate in the PSI's preparation and did not have any witnesses to testify in mitigation, continuing the present hearing was unnecessary.

¶ 8     The State then presented its evidence in aggravation and the victim impact statements. The defendant did not present any mitigating evidence and did not make a statement in allocution. After hearing arguments of counsel, the trial court sentenced the defendant to 45 years in prison to be followed by a 3-year term of mandatory supervised release. The trial court then admonished the defendant as follows:

"Understand, even though I've imposed sentence, that you still have the right to appeal. If you wish to appeal within 30 days of today's date, you have to file a written motion asking to withdraw your plea of guilty. In the motion, you have to set forth any errors this Court made in accepting your plea. If the errors are not set forth in the written motion, they're deemed to have been waived.

The motion would then be set for hearing. At the hearing, if the motion is granted, your plea and judgment would be vacated, the penalty would be vacated, any charges that were dismissed pursuant to your plea agreement could be reinstated, your case or cases would be reset for trial, and we'd start this process all over again.

On the other hand, if the motion is denied, then within 30 days of that date, 30 days of today's date, you would have to file your written notice of appeal with our clerk's office. Your case would be appealed to the appellate court in Mt. Vernon. If you're indigent, a transcript will be prepared of all proceedings at no cost to yourself, appellate counsel will be appointed to assist you in the appeal process, and trial counsel would be appointed to assist you with any post-plea motions."

¶ 9     On July 10, 2025, the defendant, through his counsel, filed a motion to withdraw guilty plea, indicating that his plea was not knowingly, voluntarily, or intelligently made. Counsel also filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024). Thereafter, on July 18, 2025, the defendant filed a *pro se* motion to withdraw his guilty plea. Subsequently, a new public defender took over the defendant's representation.

¶ 10    On August 4, 2025, the defendant's counsel filed an amended motion to withdraw the defendant's guilty plea, contending that the defendant's plea was not knowingly, intelligently, or voluntarily made because the defendant's plea counsel did not fully explain the plea agreement

4

and thus the defendant did not understand that he would be subject to a sentencing range. Counsel also argued that the defendant believed that his plea counsel coerced him into accepting the plea and that he had a right to withdraw his guilty plea without establishing certain legal criteria or having a hearing. Alternatively, counsel argued that the defendant should receive a new sentencing hearing where the defendant's plea counsel failed to object to the State introducing evidence and a victim impact statement from the dismissed attempted murder charge in case No. 24-CF-814, as such evidence was considered by the trial court in determining the defendant's sentence. Thus, the defendant requested that his guilty plea be withdrawn; his dismissed charges be reinstated; and a jury trial, or alternatively, a new sentencing hearing, be held. Counsel also filed a certificate in compliance with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024).

¶ 11     Also on August 4, the trial court held a hearing on the defendant's amended motion to withdraw his guilty plea. At the hearing, the defendant testified about the allegations contained in his amended motion. In rebuttal, the defendant's plea counsel testified about the circumstances surrounding the defendant accepting the plea deal and about the defendant's plea being knowingly, intelligently, and voluntarily made. After hearing the testimony and counsels' arguments, the trial court denied the defendant's amended motion to withdraw his guilty plea and also determined that the evidence from the dismissed charge was relevant and admissible at the sentencing hearing. The trial court then asked defense counsel whether a motion had been filed regarding the sentence, and counsel responded that the motion was incorporated into the motion to withdraw guilty plea. Thereafter, on August 6, 2025, the defendant filed a timely notice of appeal.

¶ 12                                   II. ANALYSIS

¶ 13     On appeal, the defendant contends that the trial court's postplea admonishments did not substantially comply with Illinois Supreme Court Rule 605(b) (eff. Apr. 15, 2024), and therefore

5

his case should be remanded to the trial court for proper admonishments. Alternatively, the defendant argues that his postplea counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024).

¶ 14    Rule 604(d) governs the procedure to be followed when a defendant appeals from a judgment entered on a plea of guilty. Rule 604(d) states in relevant part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

¶ 15    Since a defendant's failure to comply with Rule 604(d) can result in the loss of the right to a direct appeal, Rule 605(b) has been adopted to ensure that a defendant knows of the Rule 604(d) requirements for an appeal from a sentence imposed upon a plea of guilty. *People v. Foster*, 171 Ill. 2d 469, 472 (1996); *People v. Green*, 332 Ill. App. 3d 481, 484 (2002). Rule 605(b) requires a trial court to give a defendant certain admonishments, at the time of sentencing, when the defendant has entered into a non-negotiated guilty plea. Specifically, Rule 605(b) instructs as follows:

> "In all cases in which a judgment is entered upon a plea of guilty, other than a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
>
>> (1) that the defendant has a right to appeal;
>>
>> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking

6

to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived.

For the purposes of this rule, a negotiated plea is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 605(b) (eff. Apr. 15, 2024).

¶ 16    Although Rule 605(b) admonishments are mandatory, the trial court is not required to read the rule verbatim. *People v. Dominguez*, 2012 IL 111336, ¶ 22. Rather, the trial court must substantially comply with the rule by conveying the substance or essence of the rule to the defendant. *Id.* A trial court's admonishments substantially comply with Rule 605(b) where the

defendant is properly informed, or put on notice, of what he must do to preserve his right to appeal his guilty plea or sentence. *Id.* This court reviews *de novo* whether the trial court has complied with the admonishment requirements of Rule 605(b). *People v. Young*, 387 Ill. App. 3d 1126, 1127 (2009).

¶ 17    Here, at the plea hearing, there seemed to be some confusion as to whether the defendant was entering into an open or partial plea. However, we find, and the State agrees, that since the State did not make any sentencing concessions in the plea agreement, the defendant's plea was not negotiated. Thus, at sentencing, the trial court was required to admonish the defendant in accordance with Rule 605(b).

¶ 18    The defendant contends that the trial court's admonishments failed to substantially comply with Rule 605(b) because the trial court failed to admonish him of the necessity of filing a motion to reconsider his sentence as a prerequisite to challenging his sentence on appeal. However, the State argues that the trial court did substantially comply with Rule 605(b) where it imparted the essence of the rule and the requirements necessary for perfecting an appeal. Specifically, the State notes that the trial court admonished the defendant that he needed to file a written motion detailing any error, or the error would be waived. The State also notes that since the defendant's plea was not negotiated, he could file a motion to reconsider his sentence or a motion to withdraw his guilty plea. The State indicates that although defense counsel filed a motion to withdraw the plea, counsel requested, in that motion, that the defendant be allowed a new sentencing hearing to reconsider his sentence. Thus, the State argues that because the trial court substantially complied with the Rule 605(b) requirements, and defense counsel argued both for withdrawal of the guilty plea and reconsideration of the defendant's sentence, we should find that there was no error. We disagree with the State.

8

¶ 19    The record demonstrates that the trial court only admonished the defendant regarding the necessity of filing a motion to withdraw his guilty plea as a prerequisite to challenging his plea on appeal. The trial court did not provide any admonishments regarding the necessity of filing a motion to reconsider the sentence as a prerequisite to challenging his sentence on appeal. Additionally, the defendant was not informed that if the motion to reconsider his sentence was allowed, his sentence would be modified. In failing to advise the defendant of what he must do to preserve his right to challenge his sentence, the trial court did not substantially comply with Rule 605(b). See *People v. Perry*, 2014 IL App (1st) 122584, ¶ 16 (admonishments that fail to reference certain portions of Rule 605 are inadequate). In light of the restrictions placed on a defendant by Rule 604(d), a defendant's appeal rights are compromised by a trial court's failure to comply with Rule 605(b). *People v. Williams*, 344 Ill. App. 3d 334, 340 (2003). Thus, remand is necessary, not merely because of the failure to comply with Rule 605(b), but because failure to give the required admonishments is prejudicial and results in a violation of the concepts of fundamental fairness. *Id.* Accordingly, we remand the cause for proper admonishments in compliance with Rule 605(b) and the opportunity for the defendant to file new postplea motions. See *People v. Jamison*, 181 Ill. 2d 24, 29-30 (1998) (the appropriate remedy for insufficient Rule 605(b) admonitions is remand for proceedings consistent with the rule). As we are remanding for compliance with Rule 605(b), we need not address the defendant's alternative argument that postplea counsel failed to comply with Rule 604(d).

¶ 20                                    III. CONCLUSION

¶ 21    For the reasons stated, we remand the cause for further proceedings consistent with this order.

¶ 22    Cause remanded.